IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| JOSE A. NADER, M.D., | ) | CASE NO. _____ |
| | ) | |
| *Plaintiff*, | ) | JUDGE _____ |
| | ) | |
| v. | ) | |
| | ) | |
| NEW YORK LIFE INSURANCE COMPANY, | ) ) | |
| | ) | |
| *Defendant*. | ) | |

## NOTICE OF REMOVAL

TO: Chief Judge and Judges of the United States District Court, Northern District of Ohio, Eastern Division

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 *et seq.*, and 1446, Defendant New York Life Insurance Company ("Defendant") hereby files this Notice of Removal of the matter captioned *Jose A. Nader, M.D. v. New York Life Insurance Company*, Case No. CV 23 985355, from the Court of Common Pleas, Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio, Eastern Division. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. In support of its Notice of Removal, Defendant states as follows:

### State Court Action

1. Defendant was served with the Complaint on September 19, 2023. True and accurate copies of the Summons and Complaint are attached as Exhibit A, and based upon information and belief, constitute all state-court documents filed in this case.

2. Thirty days have not yet expired since Defendant first received service of process. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

**Federal Jurisdiction**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity exists between the parties and prospective parties and the amount in controversy exceeds $75,000.

4. Plaintiff is a citizen of the State of Ohio. (*See* Compl., Ex. A, at ¶ 1.)

5. Defendant is a New York corporation that has its principal place of business in New York.

6. The Paul Revere Life Insurance Company ("Paul Revere") is the entity that administers Plaintiff's claim under the individual disability policy issued by Defendant.

7. Paul Revere is a Massachusetts corporation that has its principal place of business in Massachusetts.

8. Based on the allegations and prayer for relief in Plaintiff's Complaint, it is "more likely than not" that the amount in controversy in this matter exceeds $75,000.00 exclusive of interest and costs. *E.g., Everett v. Verizon Wireless,* 460 F.3d 818, 822 (6th Cir. 2006).

9. Plaintiff's Complaint asserts claims for declaratory judgment and breach of contract related to the Cost of Living Benefit ("COLB") that would apply to his disability benefit under the individual disability policy issued by Defendant. (*See* Compl. at ¶¶ 1–41.) Specifically, Plaintiff argues that he did not receive the full COLB for the first 16 years after his total disability benefit was approved, and that thereafter—once he turned 65 in March 2018[1]—failed to provide any COLB at all. (*See* Compl. at ¶¶ 28–29.)

---

[1] As set forth in his application for the individual disability policy, Plaintiff's birthdate is March 16, 1953. (*See* Compl. at Ex. A.)

10. The individual disability policy had a base monthly benefit of $12,000 (*see* Compl. at ¶ 19), and therefore, even a conservative estimate of the COLB at issue in this lawsuit exceeds the $75,000 jurisdictional amount. Specifically, Plaintiff argues that, on average, he received for the first 16 years of disability benefits, only half of the 5% COLB to which he argues that he is entitled under the Policy, which corresponds to alleged compensatory damages of at minimum $57,600 during those initial 16 years ($12,000 x 12 x .025 x 16). Further, the 5 additional years of benefits for which he alleges that he failed to receive any COLB at all would correspond to alleged compensatory damages of at minimum $36,000 ($12,000 x 12 x .05 x 5). These numbers are conservative because they do not account for the increased base monthly benefit for each year the COLB was applied. But even these conservative numbers give rise to alleged compensatory damages totaling $93,600, which easily exceeds the $75,000 jurisdictional amount.

11. In light of the foregoing, Plaintiff's Complaint "more likely than not" pleads a jurisdictional amount in excess of $75,000. *See Everett*, 460 F.3d at 822.  As such, the Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332.

## **Relief Requested**

Defendant respectfully requests that this Court accept this Notice of Removal and that it assume jurisdiction of this case and issue such further orders and process as may be necessary for trial. Written notice of the filing of this Notice for Removal will be given to the state court and all parties as provided by law.

        Respectfully submitted,

        /s/ *Brett K. Bacon*
        Brett K. Bacon (0022826)
        Olivia L. Southam (0085476)
        **FRANTZ WARD LLP**
        200 Public Square, Suite 3000
        Cleveland, Ohio 44114-1230
        (216) 515-1660 phone
        (216) 515-1650 fax
        bbacon@frantzward.com
        osoutham@frantzward.com

        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically on October 17, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Brett K. Bacon*
*Counsel for Defendant*