UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSE A. NADER, ) | Case No. 1:23-cv-2037 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge Thomas Parker |
| ) | |
| NEW YORK LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

On November 29, 2023 the Court held a case management conference. At the conference, the Court requested briefing from parties on whether the amount in controversy satisfies jurisdictional requirements. (ECF No. 9.) Counsel for both parties submitted timely briefs, maintaining that the amount in controversy is satisfied. (ECF No. 11; ECF No. 12.)

The Court has an independent obligation to ensure its jurisdiction. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). Under 28 U.S.C. § 1332, there must be complete diversity between the parties (there is), and the amount in controversy must exceed $75,000. However, the amount in controversy need not be proven to a certainty. Only a "plausible allegation" is required. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 82 (2014); 28 USC § 1446(a). Plaintiff estimates an amount in controversy of "$1,842,169.86, plus

statutory pre-judgment interest." (ECF No. 11, PageID #100.) Defendant alleges an amount between $900,000 and $1.8 million, depending whether Plaintiff theorizes that the COLB should be calculated using simple or compound interest. (ECF No. 12, PageID #108.) Defendant asserts that the limitations period should not be considered when calculating the amount in controversy.

Even without taking the applicable limitations period into account, the Court is satisfied that the amount in controversy exceeds the jurisdictional threshold. In short, by the Court's calculation, the difference between the amount Plaintiff claims he is owed using his methodology and what he was actually paid (monthly payments of $17,268 with a fixed 1.439 COLB factor versus payments calculated using an assumed 5% simple interest rate instead) exceeds $75,000. In this regard, the parties' calculations proved helpful and persuaded the Court that its earlier calculations suggesting that it might not have jurisdiction were erroneous.

**SO ORDERED.**

Dated: December 19, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio