UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSE A. NADER, | ) Case No. 1:23-cv-2037 |
| Plaintiff, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge Reuben Sheperd |
| NEW YORK LIFE INSURANCE CO., | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Jose A. Nader, M.D. seeks leave to file an amended complaint. Defendant New York Life Insurance Co. opposes the motion. For the following reasons, the Court **DENIES** Plaintiff's motion for leave to amend.

**STATEMENT OF FACTS**

In or about June 1991, Dr. Nader applied for a disability income insurance policy with New York Life. (ECF No. 1-1, ¶ 7, PageID #13.) In the application, Dr. Nader stated that he sought a disability policy to provide monthly income benefits in the event that he became disabled and an annual 5% cost of living benefit that would increase the amount of his monthly disability payment each year. (ECF No. 1-1, ¶ 9, PageID #13.)

In December 1991, New York Life issued a disability income policy to Dr. Nader. (ECF No. 1-1, ¶ 10, PageID #13.) According to the complaint, the contract between the parties consisted of the policy, the riders or endorsements attached to it,

and the application. (ECF No. 1-1, ¶ 13, PageID #14.) The policy's terms provide for monthly income during periods of disability with a 5% fixed annual cost of living benefit. (ECF No. 1-1, ¶¶ 15–16, PageID #14.) The attached rider states that the monthly benefit "may be adjusted to reflect changes, if any, in the cost of living based on the [consumer price index for all urban consumers, as published and seasonally adjusted by the Bureau of Labor Statistics]." (ECF No. 1-1, PageID #41; ECF No. 5, ¶ 14, PageID #64.)

When Dr. Nader became disabled and unable to continue practicing medicine, he submitted a claim for disability under the policy that New York Life eventually approved. (ECF No. 1-1, ¶¶ 27-28, PageID #17; ECF No. 5, ¶ 27, PageID #66.) The Paul Revere Life Insurance Company administered Dr. Nader's claim under the Policy. (ECF No. 5, ¶¶ 27-28, PageID #66.) Paul Revere began paying a monthly income benefit to Dr. Nader. (ECF No. 1-1, ¶ 28, PageID #17; ECF No. 5, ¶ 28, PageID #66.) After one year of administrating Dr. Nader's monthly income benefits, Paul Revere increased Dr. Nader's cost of living benefit by 3.4% based on the applicable consumer price index. (ECF No. 1-1, ¶ 29, PageID #18; ECF No. 5, ¶ 29, PageID #66–67.) Paul Revere continued to use this same cost of living adjustment to calculate Dr. Nader's benefits for the next 13 years.

## STATEMENT OF THE CASE

On September 17, 2023, Plaintiff filed suit in State court, alleging that New York Life breached the contract by limiting annual cost of living adjustments to changes in the consumer price index and imposed other annual limits on cost-of-living

adjustments to his benefits. (ECF No. 1-1, ¶¶ 29–40, PageID #18–20.) Plaintiff seeks a declaratory judgment defining the parties' rights and obligations under the policy; damages in an amount in excess of $25,000.00 plus interest at the statutory rate for New York Life's breach of contract; and an award of reasonable attorneys' fees and costs as permitted by law. (ECF No. 1-1, ¶ 32-34, PageID #18-19; ECF No. 1-1, ¶ 41, PageID #20; ECF No. 1-1, ¶ 41C, PageID #21.) Defendant removed the case on October 17, 2023. (ECF No. 1.)

After Dr. Nader changed counsel in late April 2024, the Court set June 21, 2024 as the deadline to amend the pleadings and to add any parties or claims. (*See* Minutes, May 31, 2024; ECF No. 17, PageID #140.) Three days after that deadline, on June 24, 2024, Plaintiff moved for leave to file an amended complaint *instanter*. (ECF No. 18.) Specifically, he seeks to name two new Defendants (Paul Revere and Unum Insurance Company) and additional causes of action. (ECF No. 22, PageID #222–25.) The Court gave Plaintiff the opportunity to explain the reason for the late filing and to show that those reasons constitute good cause under Rule 16(b)(4) and/or excusable neglect under Rule 6(b)(1)(B). (ECF No. 19, PageID #204.) Defendant did not consent to filing the amended complaint. (ECF No. 20, PageID #221.)

## ANALYSIS

Plaintiff argues that the Court should excuse his failure to comply with the deadline for amending the complaint because his new counsel required additional time to review the 4,619 discovery documents. (ECF No. 18, PageID #143.) As originally filed, the complaint "did not accurately and completely state the operative

3

facts," according to Plaintiff's new counsel. (ECF No. 22, PageID #221.) Specifically, Plaintiff claims that (1) his former counsel failed to name Paul Revere and Unum Group; and (2) the acts of Defendant and these two new Defendants support pleading additional causes of action. (*Id.*, PageID #222–25.) In reply, Plaintiff adds that before his current counsel's involvement, Plaintiff experienced significant medical issues that obstructed his ability to participate in this litigation meaningfully. (ECF No. 25, PageID #255.)

Although Rule 15 directs courts to give leave to amend freely, Fed. R. Civ. P. (15)(a)(2), amendment after the deadline in a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b); *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020). Primarily, good cause measures the moving party's diligence in attempting to meet the schedule. *Garza*, 972 F.3d at 879 (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

The Court begins by examining Plaintiff's diligence. Plaintiff fails to show that, despite his due diligence, he lacked the information he needed to bring the additional claims and name the additional parties he seeks to add in the amended complaint. The additional claims are based on documents that were provided to Plaintiff's former counsel some seven months before the amendment deadline. (ECF No. 22, PageID #221–23; ECF No. 24, PageID #234.) Specifically, Defendant produced the relevant documents, including a copy of the application for the policy, a copy of the claim file, and a copy of the policy on December 4, 2023 and December 11, 2023. (ECF No. 24, PageID #231.) Dr. Nader's new counsel appeared some two

4

months before the amendment deadline. Substitution of counsel does not justify a failure to comply with the Court's orders. *Ross v. American Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). If new counsel needed additional time to review the relevant materials or for any other purpose, he had ample time to request an extension. At two conferences after he appeared, on April 29, 2024 and May 31, 2024 (ECF No. 24-1, ¶¶ 8 & 11, PageID ##252–53), Plaintiff's counsel raised the prospect of naming Paul Revere and Unum Insurance. Still, Plaintiff did not seek leave to amend or an extension to do so before the deadline.

Further, the complaint alleges that Paul Revere administered Plaintiff's claim under Defendant's policy. (ECF No. 1, ¶ 6, PageID #2.) Throughout the pre-trial proceedings, Defendant was forthcoming about this fact and acknowledged it in its answer. (ECF No. 5, ¶¶ 27–29, PageID #66–67.) Also, Defendant identified Paul Revere and the Unum Group in the corporate disclosure statement filed October 17, 2023. (ECF No. 3, PageID #58.)

On this record, the Court cannot say that good cause (or excusable neglect for that matter) supports excusing the belated attempt to amend. Consideration of the possible prejudice to the party opposing the amendment does not alter this determination. *See Garza*, 972 F.3d at 879. Defendant argues that it would suffer prejudice from defending against a "wide-ranging set of new claims" because of the time and other resources already invested in the litigation. (ECF No. 24, PageID #234–35.) Ordinarily, such considerations do not amount to legal prejudice. As Defendant highlights, the proposed amendment significantly expands the complaint

5

by adding nine claims. In addition to breach of contract, the new pleading would transform the case by adding claims for breach of fiduciary duty, deceptive business practices and consumer fraud, violation of the Americans with Disabilities Act, bad faith insurance practices, unfair trade practices, negligent misrepresentation, intentional infliction of emotional distress, fraud and fraudulent concealment, and unjust enrichment. (ECF No. 18-1, ¶¶ 155–64, PageID #198–201.)

But the "longer the delay, the less prejudice the opposing party will be required to show." *Garza*, 972 F.3d at 880 (quoting *DuBuc v. Green Oak Twp.*, 312 F.3d 736, 752 (6th Cir. 2002)). Here, the record shows that the information Plaintiff needed to amend was available long before he sought to do so. And the new allegations are so distinct from the allegations in the original complaint that they fundamentally transform the case and do so at a time when the matter was nearing dispositive motions. Against these considerations, Plaintiff asserts that there is no prejudice from amendment. (ECF No. 18, PageID #143.) But this claim is conclusory and unsupported in the record. Accordingly, the Court finds sufficient prejudice that justifies denial of the motion.

## CONCLUSION

For the forgoing reasons, the Court **DENIES** Plaintiff's motion for leave to amend. (ECF No. 18.)

**SO ORDERED.**

Dated: October 30, 2024

                                                      J. Philip Calabrese
                                                      United States District Judge
                                                      Northern District of Ohio